On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court with instructions to enter an order making specific findings of fact concerning the issue of ineffective assistance of trial counsel raised in the appellant’s Rule 32, Ala.R.Cr.P., petition. 649 So.2d 1342. The trial court has returned to us the following findings of fact and order denying the petition:
“The court finds that Defendant’s attorney did consult with him on numerous occasions prior to trial as testified [to] by his attorney and to some degree admitted by Defendant on cross-examination. The court finds that Defendant’s attorney conducted extensive pretrial investigation himself and through an employed private investigator.. The court finds that Defendant’s issue as to reading the indictment to the jury was immaterial as said indictment was read in opening statements and in the judge’s charge to the jury and that such was appropriate. The court finds that although Defendant’s attorney failed to object to the method used to strike the jury that there was no defect in the manner that such was struck.
“Although Defendant’s attorney vigorously made objections at the sentencing hearing regarding those matters to be considered by the court, such sentencing was not improper as the sentence was well within the range of punishment allowed by law. The court does not find that Defendant’s attorney elicited testimony that opened the door regarding blood sample refusal evidence as such was merely part of the facts in the case and was part of the Defendant’s defense attacking the degree of his intoxication. The court finds that Defendant’s attorney was not himself negligent regarding a failure of all exhibits to go to the jury for deliberations. The court did find that at the hearing on the motion for new trial that over 100 photographs of the bridge in question did go to the jury for [its] deliberations and that such adequately informed the jury of the condition of the bridge many times over.
“The court finds that whether or not trial counsel failed to raise on appeal the issue of prima facie case would not have affected the outcome of the appeal as there was ample evidence proving the State’s case in every element thereof. Defendant failed to prove that any false testimony was utilized by the State in presenting its case. The court did not err in failing to charge the jury on vehicular homicide.
“The court finds that Defendant has not met his burden of proving ineffective assistance of counsel by the testimony presented nor by the record in this ease. The court further finds that Defendant’s attorney properly and adequately represented him throughout the course and the proceedings of his trial and on appeal.”
After reviewing the trial court’s order, we hold that it was correct in denying the petition. Thus, the judgment of the trial court is affirmed. \
AFFIRMED.
All Judges concur.